

# HILL WALLACK LLP
## ATTORNEYS AT LAW

202 CARNEGIE CENTER, P.O. BOX 5226, PRINCETON, NJ 08543-5226
TELEPHONE: (609) 924-0808, FAX: (609) 452-1888
WWW.HILLWALLACK.COM

Direct Dial (609) 734-6351

March 25, 2013

**Via Electronic Filing**
Clerk, United States District Court
Clarkson S. Fisher Federal Building & US Courthouse
402 E. State Street
Trenton, NJ 08608

> Re:   **Notice of Removal**
>        **Mykolaitis v. Home Depot U.S.A., Inc., et al**

Dear Sir/Madam:

On behalf of Defendants, Tricam Industries and Home Depot U.S.A., Inc., attached please find a Notice of Removal Package, with regards to the above matter. By copy of this letter, we are simultaneously serving same upon the Deputy Clerk, Monmouth County Superior Court and our adversary.

Respectfully submitted,
HILL WALLACK LLP

*Suzanne M. Marasco*/s/
Suzanne M. Marasco, Esq.

SMM/dts
Enclosure
cc:     Clerk, Monmouth County Superior Court (via Lawyer's Service)
        Jeffrey S. Intravatola, Esq. (via Lawyer's Service)

HILL WALLACK LLP
202 Carnegie Center
P.O. Box 5226
Princeton, New Jersey 08543-5226
(609) 924-0808
Attorneys for Defendants,
Tricam Industries & Home Depot, U.S.A., Inc.
(i/p/a The Home Depot)
by Suzanne M. Marasco, Esq.  SMM 7439

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAYMOND MYKOLAITIS and MARIJA MYKOLAITIS,<br><br>Plaintiffs,<br><br>vs.<br><br>THE HOME DEPOT, HUSKY, TRICAM INDUSTRIES AND ABC CORPORATIONS 1-20 (being fictitious names),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MONMOUTH COUNTY DOCKET NO.: MON-L-579-13<br><br>**NOTICE OF FILING OF REMOVAL**<br><br>**DOCUMENT ELECTRONICALLY FILED** |

To:    Jeffrey S. Intravatola, Esq.
       Hoagland, Longo, Moran, Dunst & Doukas, LLP
       40 Paterson Street
       P.O. Box 480
       New Brunswick, NJ 08903
       **Attorneys for Plaintiffs, Raymond & Marija Mykolaitis**

**PLEASE TAKE NOTICE** that in the above entitled action, Defendants, Tricam

Industries and Home Depot U.S.A., Inc., have this day filed a Notice of Removal, a copy of

which is attached hereto, in the office of the Clerk of the United Stated District Court for the

District of New Jersey.  You are advised that the Defendants, upon filing of said Notice of

Removal, filed a copy of this Notice with the Clerk of the Superior Court of New Jersey, Law

Division, Monmouth County, which has effected this removal, in accordance with U.S.C.

1446(b).

HILL WALLACK LLP
Attorney for Defendants, Tricam Industries
& Home Depot U.S.A., Inc.

By:   **Suzanne M. Marasco /s/**
Suzanne M. Marasco, Esq.

Dated:  March 25, 2013

HILL WALLACK LLP
202 Carnegie Center
P.O. Box 5226
Princeton, New Jersey 08543-5226
(609) 924-0808
Attorneys for Defendants,
Tricam Industries & Home Depot, U.S.A., Inc.
(i/p/a The Home Depot)
by Suzanne M. Marasco, Esq.  SMM 7439

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAYMOND MYKOLAITIS and MARIJA MYKOLAITIS,<br><br>Plaintiffs,<br><br>vs.<br><br>THE HOME DEPOT, HUSKY, TRICAM INDUSTRIES AND ABC CORPORATIONS 1-20 (being fictitious names),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MONMOUTH COUNTY DOCKET NO.: MON-L-579-13<br><br>**NOTICE OF REMOVAL**<br><br>**DOCUMENT ELECTRONICALLY FILED** |

To:     Clerk, United States District Court, District of New Jersey

Tricam Industries and Home Depot U.S.A., Inc., Defendants herein, file this Notice of Removal of this action from the Superior Court of New Jersey, Law Division, Monmouth County, to the United States District Court for the District of New Jersey, Trenton Vicinage, and respectfully represents as follows:

1.     On or about February 8, 2013, Plaintiffs filed a Complaint and Jury Demand in the Superior Court of New Jersey, Law Division, Monmouth County, against Defendants, Tricam Industries, Home Depot U.S.A., Inc. (improperly plead as The Home Depot), and Husky.  A copy of Plaintiffs' Complaint is attached hereto as **Exhibit A**.

2.     Defendant, Tricam Industries., was served with Plaintiffs' Summons and Complaint on February 22, 2013.  **See Exhibit B.**

3.     Defendant, Home Depot U.S.A., Inc., was served with Plaintiffs' Summons and Complaint on March 5, 2013.  **See Exhibit C.**

4.     Accordingly, this Notice of Removal is being filed within thirty (30) days of said dates in accordance with 28 U.S.C. § 1446(b).

5.     As of this date, Defendants, Tricam Industries and Home Depot U.S.A., Inc., have not filed responsive pleadings in this action in the Superior Court of New Jersey, Law Division, Monmouth County, and no other proceedings have transpired in this matter to Defendants' knowledge.

6.     Per the introductory paragraph of Plaintiffs' Complaint, the Plaintiffs reside in the City of Hazlet, County of Monmouth, State of New Jersey.  **See Exhibit A.**

7.     Defendant, Tricam Industries, is a Corporation, with its principal place of business located in Eden Praine, Minnesota.

8.     Defendant, Home Depot U.S.A., Inc., is a Corporation, with its principal place of business located in Atlanta, Georgia.

9.     Defendant, Husky, is not a company, but rather a trade name used by the Home Depot.

10.     As a result of the subject incident, Plaintiff sustained a left ankle fracture, as well as a tendon tear to his right shoulder, which required surgery.

11.     The United States District Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because it arises between parties of different states and the amount in controversy is alleged to be in excess of $75,000, exclusive of interest and costs.

12.     Accordingly, venue is properly laid in the Trenton Vicinage of the District Court of New Jersey.

13.     Pursuant to the above and pursuant to 28 U.S.C. §1441(a), Defendant, Home Depot

U.S.A., Inc., seeks removal of this action to Federal Court.

**WHEREFORE,** Defendants, Tricam Industries and Home Depot U.S.A., Inc., pray that

the above captioned matter, now pending in the Superior Court of New Jersey, Law Division,

Monmouth County, be removed to the United States District Court for the District of New

Jersey, Trenton Vicinage.


                                        HILL WALLACK LLP
                                        Attorney for Defendants, Tricam Industries
                                        & Home Depot U.S.A., Inc.


                                        By: ___*Suzanne M. Marasco /s/*___
Dated:  March 25, 2013                      Suzanne M. Marasco, Esq.

# EXHIBIT A

{P:/wdox/docs/004545/00001/02846052; 1}

HOAGLAND, LONGO, MORAN, DUNST & DOUKAS, LLP
40 Paterson Street, PO Box 480
New Brunswick, NJ 08903
(732) 545-4717
Attorneys for Plaintiffs, Raymond Mykolaitis and Mary Mykolaitis

| | |
|---|---|
| Plaintiffs, | SUPERIOR COURT OF NEW JERSEY<br>MONMOUTH COUNTY<br>LAW DIVISION |
| RAYMOND MYKOLAITIS and MARIJA<br>MYKOLAITIS | DOCKET NO. |
| vs. | CIVIL ACTION |
| Defendant, | **COMPLAINT AND JURY DEMAND** |
| THE HOME DEPOT, HUSKY, TRICAM<br>INDUSTRIES, AND ABC CORPORATIONS<br>1-20 (being fictitious names) | |

Plaintiffs, Raymond Mykolaitis and Marija Mykolaitis, residing at 21 Limerick Place, Hazlet, County of Monmouth, State of New Jersey, by way of Complaint, say:

### FIRST COUNT

1.     Plaintiffs, Raymond Mykolaitis and Marija Mykolaitis, reside at 21 Limerick Place, Hazlet, New Jersey.

2.     Defendant, The Home Depot, is a retailer of home improvement and construction products and services and sells, among other things, ladders. Defendant has multiple locations in New Jersey including a store located at 3700 Route 35, Hazlet, New Jersey.

3.     Defendant, Husky, is, upon information and belief, a company with headquarters located in Atlanta, Georgia. This defendant manufactures, designs, tests, distributes and/or sells or has manufactured, designed, tested, distributed and/or sold ladders.

4.     Defendant, Tricam Industries, upon information and belief, has its main office located at 7677 Equitable Drive, Eaden Prairie, Minnesota. This defendant designs, tests, distributes, sells and/or manufactures ladders or, in the past, has designed, tested, distributed, sold and/or manufactured ladders.

HOAGLAND, LONGO
MORAN, DUNST &
DOUKAS, LLP
ATTORNEYS AT LAW

NORTH JERSEY
40 PATERSON ST
PO BOX 480
NEW BRUNSWICK, NJ

SOUTH JERSEY
701 WALTSEY'S MILL RD
SUITE 202
HAMMONTON, NJ

5.      Defendants, ABC Corporations 1-20 are fictitious names intended to represent legal entities and/or companies and/or corporations that were engaged in the business of manufacturing, designing, testing, selling and/or distributing ladders and whose identifies are presently unknown.

6.      On or about February 18, 2011, plaintiff, Raymond Mykolaitis, was using a ladder identified as a Husky ladder which he had purchased from defendant, The Home Depot, at its Hazlet, New Jersey location.

7.      While plaintiff, Raymond Mykolaitis, was using the ladder in question, it collapsed causing him to fall and sustain serious personal injuries.

8.      The defendants were engaged in the business designing, manufacturing, testing, formulating, selling and/or distributing the ladder involved in Mr. Mykolaitis' accident.

9.      Said ladder was dangerously defective, unfit and unsafe for its intended purposes and reasonably foreseeable users.  This was due to manufacturing and/or design defects and/or inadequate warnings.

10.     As a direct and proximate result of the defective ladder which was manufactured, designed, tested, formulated, sold and/or distributed by the defendants and the accident caused by said defects, plaintiff, Raymond Mykolaitis, sustained severe injuries.

11.     As a result of the foregoing, the defendants are strictly liable for their wrongful conduct pursuant to N.J.S.A. 2A:58C-1 et seq. and/or common law.

WHEREFORE, plaintiff, Raymond Mykolaitis, demands judgment against the defendants for compensatory damages together with interest, costs of suit and all such other relief as the Court deems just.

## SECOND COUNT

1.      Plaintiffs repeat, reiterate and make a part hereof the allegations contained in the First Count of the Complaint as if same were set forth at length herein.

2.      The defendants were negligent with regard to the design, manufacture, testing, formulation, sale and/or distribution of the ladder in question.

HOAGLAND, LONGO
MORAN, DUNST &
DOUKAS, LLP
ATTORNEYS AT LAW

NORTH JERSEY
40 PATERSON ST
PO BOX 480
NEW BRUNSWICK, NJ

SOUTH JERSEY
701 WHITSEY'S MILL RD
SUITE 202
HAMMONTON, NJ

3.     As a direct and proximate result of the negligence of the defendants, plaintiff, Raymond Mykolaitis, sustained severe personal injuries.

WHEREFORE, plaintiff, Raymond Mykolaitis, demands judgment against the defendants for compensatory damages together with interest, costs of suit and all such other relief as the Court deems just.

## THIRD COUNT

1.     Plaintiffs repeat, reiterate and make a part hereof the allegations contained in the First and Second Counts of the Complaint as if same were set forth at length herein.

2.     The defendants impliedly and/or expressly represented and warranted that said ladder was properly manufactured, designed, tested and formulated and was fit for its intended purpose.

3.     The defendants have breached these implied and expressed warranties.

4.     As a result of the foregoing, the defendants are strictly liable for the wrongdoing and wrongful conduct pursuant to N.J.S.A. 2A:58C-1 et seq. and/or common law.

WHEREFORE, plaintiff, Raymond Mykolaitis, demands judgment against the defendants for compensatory damages together with interest, costs of suit and all such other relief as the Court deems just.

## FOURTH COUNT

1.     Plaintiffs repeat, reiterate and make a part hereof the allegations contained in the First, Second and Third Counts of the Complaint as if same were set forth at length herein.

2.     The defendants are liable to the plaintiffs under the additional theories of negligence, strict liability and tort, breach of expressed warranties, breach of implied warranties of merchantability, fitness for a particular purpose, and inadequate warnings.

WHEREFORE, plaintiff, Raymond Mykolaitis, demands judgment against the defendants for compensatory damages together with interest, costs of suit and all such other relief as the Court deems just.

HOAGLAND, LONGO
MORAN, DUNST &
DOUKAS, LLP
ATTORNEYS AT LAW

NORTH JERSEY
40 PATERSON ST
PO BOX 480
NEW BRUNSWICK, NJ

SOUTH JERSEY
701 WHITSEY'S MILL RD
SUITE 202
HAMMONTON, NJ

### FIFTH COUNT

1.     Plaintiffs repeat, reiterate and make a part hereof the allegations contained in the First, Second, Third and Fourth Counts of the Complaint as if same were set forth at length herein.

2.     Plaintiff, Marija Mykolaitis, is the wife of plaintiff, Raymond Mykolaitis.

3.     As a result of the injuries suffered by her husband as aforesaid, plaintiff, Marija Mykolaitis, has suffered the loss of usual service and consortium of her husband.

WHEREFORE, plaintiff, Marija Mykolaitis, demands judgment against the defendants for compensatory damages together with interest, costs of suit and all such other relief as the Court deems just.

### JURY DEMAND

Please be advised that Plaintiffs, Raymond Mykolaitis and Marija Mykolaitis, hereby demand a trial by jury on all issues so triable.

### TRIAL COUNSEL DESIGNATION

Pursuant to Rule 4:25-4, **Jeffrey S. Intravatola, Esq.** has been designated as trial counsel on behalf of Plaintiffs, Raymond Mykolaitis and Marija Mykolaitis, in the above-captioned matter.

### DEMAND FOR INSURANCE INFORMATION

PURSUANT to Rule 4:10-2(b), demand is hereby made that you disclose to the undersigned whether there are any insurance agreements or policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

( ) Yes   ( ) No

If the answer is "yes", attach a copy of each or in the alternative, state under oath or certification:

(a)     policy number;

(b)     name and address of insurer or issuer;

(c)     the inception and expiration dates;

(d)     names and addresses of all persons insured thereunder;

(e)     personal injury limits;

HOAGLAND, LONGO
MORAN, DUNST &
DOUKAS, LLP
ATTORNEYS AT LAW

NORTH JERSEY
40 PATERSON ST
PO BOX 480
NEW BRUNSWICK, NJ

SOUTH JERSEY
701 WHITE HORSE RD
SUITE 202
HAMMONTON, NJ

# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division - Civil Part pleadings (not motions) under Rule 4:5-1.
Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed or if attorney's signature is not affixed.

| FOR USE BY CLERK'S OFFICE ONLY | | | |
|---|---|---|---|
| Payment Type: | CK | CG | CA |
| CHG/CK NO. | | | |
| AMOUNT: | | | |
| OVERPAYMENT: | | | |
| BATCH NUMBER | | | |

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Jeffrey S. Intravatola, Esq. | (732) 545-4717 | Monmouth |

| FIRM NAME (if applicable) | DOCKET NUMBER (When Available) |
|---|---|
| HOAGLAND, LONGO, MORAN, DUNST & DOUKAS, LLP | To Be Determined |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 40 Paterson Street P.O. Box 480 New Brunswick, NJ 08903 | Complaint |
| | JURY DEMAND  ☒ YES  ☐ NO |

| NAME OF PARTY (e.g. John Doe, Plaintiff) | CAPTION |
|---|---|
| Raymond Mykolaitis and Mary Mykolaitis | Raymond Mykolaitis and Mary Mykolaitis v. The Home Depot, et al |

| CASE TYPE NUMBER (See reverse side for listing): 606 | IS THIS A PROFESSIONAL MALPRACTICE CASE?  ☐ YES  ☒ NO  IF YOU HAVE CHECKED "YES", SEE N.J.S.A.2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |
|---|---|

| RELATED CASES PENDING?  ☐ YES  ☒ NO | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?  ☐ YES  ☒ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN  ☐ NONE  ☒ UNKNOWN |
|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT PAST OR RECURRENT RELATIONSHIP?  ☐ YES  ☒ NO | IF YES, IS THAT RELATIONSHIP | ☐ EMPLOYER-EMPLOYEE  ☐ FAMILIAL  ☐ OTHER (explain) _____ | ☐ FRIEND/NEIGHBOR  ☐ BUSINESS |
|---|---|---|---|

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?  ☐ YES  ☒ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

| ♿ DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?  ☐ YES  ☒ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION: |
|---|---|
| WILL AN INTERPRETER BE NEEDED?  ☐ YES  ☒ NO | IF YES, FOR WHAT LANGUAGE: |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

ATTORNEY SIGNATURE

JEFFREY S. INTRAVATOLA, ESQ.

Revised effective 7/1/2010, CN10617



SIDE 2

## CIVIL CASE INFORMATION STATEMENT
### (CIS)
Use for initial pleadings (not motions) under Rule 4:5-1

CASE TYPES (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I – 150 days' discovery**
| | |
|---|---|
| 151 | NAME CHANGE |
| 175 | FORFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | BOOK ACCOUNT (debt collection matters only) |
| 505 | OTHER INSURANCE CLAIM (including declaratory judgment actions) |
| 506 | PIP COVERAGE |
| 510 | UM or UIM CLAIM (coverage issues only) |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 512 | LEMON LAW |
| 801 | SUMMARY ACTION |
| 802 | OPEN PUBLIC RECORDS ACT (SUMMARY ACTION) |
| 999 | OTHER (Briefly describe nature of action) |

**Track II – 300 days' discovery**
| | |
|---|---|
| 305 | CONSTRUCTION |
| 509 | EMPLOYMENT (other than CEPA or LAD) |
| 599 | CONTRACT/COMMERCIAL TRANSACTION |
| 603 | AUTO NEGLIGENCE - PERSONAL INJURY |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE - PROPERTY DAMAGE |
| 621 | UM or UIM CLAIM (includes bodily injury) |
| 699 | TORT - OTHER |

**Track III – 450 days' discovery**
| | |
|---|---|
| 005 | CIVIL RIGHTS |
| 301 | CONDEMNATION |
| 602 | ASSAULT AND BATTERY |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |

**Track IV – Active Case Management by Individual Judge / 450 days' discovery**
| | |
|---|---|
| 156 | ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION |
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 513 | COMPLEX CONSTRUCTION |
| 514 | INSURANCE FRAUD |
| 620 | FALSE CLAIMS ACT |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRITS |

**Centrally Managed Litigation (Track IV)**
| | |
|---|---|
| 280 | Zelnorm |
| 285 | Stryker Trident Hip Implants |
| 286 | Prudential Tort Litigation |

**Mass Tort (Track IV)**
| | | | |
|---|---|---|---|
| 248 | CIBA GEIGY | 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL |
| 266 | HORMONE REPLACEMENT THERAPY (HRT) | 282 | FOSAMAX |
| 271 | ACCUTANE | 283 | DIGITEK |
| 272 | BEXTRA/CELEBREX | 284 | NUVARING |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 286 | LEVAQUIN |
| 275 | ORTHO EVRA | 287 | YAZ/YASMIN/OCELLA |
| 277 | MAHWAH TOXIC DUMP SITE | 601 | ASBESTOS |
| 278 | ZOMETA/AREDIA | 619 | VIOXX |
| 279 | GADOLINIUM | | |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics."

Please check off each applicable category:
☐ Verbal Threshold          ☐ Putative Class Action          ☐ Title 59

Revised effective 7/1/2010, CN10517

# EXHIBIT B

ACMS Public Access





ACMS Public Access: Summons Inquiry



| VENUE | : MONMOUTH | COURT : LAW CVL | DOCKET # : L | 000579  13 |

CASE TITLE : MYKOLAITIS ET AL VS THE HOME DEPOT ET AL

FILING PARTY   : MYKOLAITIS          RAYMOND          MULTI FILER : Y
SERVED PARTY   : TRICAM INDUSTRIES

SERVICE TYPE     : PERSONAL
PROOF/SERV DATE : 02  22  2013          DATE FILED : 03  12  2013

NOTICE REQUEST  : N                     DOCUMENT IMPOUND : N

ENTERED DATE     : 03  13  2013
LAST MAINT DATE : 00  00  0000

Screen ID:CVM1015 **Copyrighted © 2012 – New Jersey Judiciary**
Session ID: E9USGT Case Count: 1
BUILD 2012.1.0.02.02Timer Count down: 287

# EXHIBIT C

{F:/wdox/docs/004545/00001/02846052; 1}

ACMS Public Access






ACMS Public Access: Summons Inquiry

| | |
|---|---|
| VENUE : MONMOUTH COURT : LAW CVL DOCKET # : L 000579 13 | |
| CASE TITLE : MYKOLAITIS ET AL VS THE HOME DEPOT ET AL | |

```
FILING PARTY     : MYKOLAITIS          RAYMOND      MULTI FILER : Y
SERVED PARTY     : THE HOME DEPOT

SERVICE TYPE     : PERSONAL
PROOF/SERV DATE  : 03  05  2013                DATE FILED : 03  11  2013

NOTICE REQUEST   : N                       DOCUMENT IMPOUND : N


ENTERED DATE     : 03  13  2013
LAST MAINT DATE  : 00  00  0000
```

Screen ID:CVM1015 Copyrighted © 2012 - New Jersey Judiciary
Session ID: E9USGT Case Count: 1
BUILD 2012.1.0.02.02Timer Count down: 295