NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| RAYMOND MYKOLAITIS, et al., | : | CIVIL ACTION NO. 13-1868 (MLC) |
| | : | |
| Plaintiffs, | : | **MEMORANDUM OPINION** |
| | : | |
| v. | : | |
| | : | |
| HOME DEPOT U.S.A., INC., et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**THE DEFENDANTS** separately move: (1) to exclude the testimony of the plaintiffs' expert, Gene Litwin; and (2) for summary judgment in their favor pursuant to Federal Rule of Civil Procedure ("Rule") 56 based upon the assumption that the Court will exclude Litwin's testimony. (See dkt. entry nos. 18 & 19.) The defendants argue in support of their motion for summary judgment that:

> If defendants' Motion to Exclude the Testimony of Gene Litwin is granted, then summary judgment should also be granted in favor of the defendants, as plaintiffs would not be able to prove a prima facie product liability case against the defendants without expert testimony. Thus, pursuant to the facts set forth in the instant motion and set forth in the Motion to Exclude the Testimony of Mr. Litwin, and the long-standing legal principles and sound case law set forth therein, defendants' Motion for Summary Judgment should be granted by this Court.

(Dkt. entry no. 19-3, Defs. Summ. J. Br. at 3; see id. at 5 (stating that if Court grants motion to exclude, "then plaintiffs would be without expert testimony at the time of

trial").) The defendants also state in support of their motion for summary judgment that they "have set forth the pertinent facts in Defendants' Motion to Exclude the Testimony of Gene Litwin, and Defendants respectfully request to incorporate said facts herein, in support of Defendants' Motion for Summary Judgment." (Id. at 4.)

**THE PLAINTIFFS** argue in opposition that:

> [A]s Gene Litwin's report and testimony is not a net opinion and admissible at trial, then plaintiffs' [sic] certainly have done more than create a genuine issue of material fact. It is for a jury to decide the factual dispute as to how and why this incident occurred through the testimony of the plaintiff and the expert testimony submitted by both parties. Summary judgment is not warranted in this matter.

(Dkt. entry no. 22, Pls. Opp'n Br. at 7.)

**THE COURT** has determined that any issues regarding the exclusion of Litwin's testimony should be separately resolved before the Court considers a motion for summary judgment. See RWJ Mgmt. Co., v. BP Prods. N. Am., No. 09-6141, 2011 WL 101727, at *7 (N.D. Ill. Jan. 12, 2011) (reserving decision on defendants' motion for summary judgment because "the viability of those claims [at issue] depends on whether Plaintiffs' . . . expert survives a pending motion to exclude"); see also Deficcio v. Winnebago Indus., No. 11-7406, 2014 U.S. Dist. LEXIS 4604, at *3 (D.N.J. Jan. 14, 2014) (denying defendant's motion for summary judgment without prejudice and directing defendant to separately move to strike opinion of plaintiffs' expert, because issue regarding reliability of that opinion should be resolved first).

**FOR GOOD CAUSE APPEARING**, the Court will thus deny the pending motion for summary judgment without prejudice.  See Landis v. N. Am. Co., 299 U.S. 248, 254 (1936) (recognizing Court's inherent power to control docket); Rolo v. Gen. Dev. Corp., 949 F.2d 695, 702 (3d Cir. 1991) (same).  The defendants may move anew for relief pursuant to Rule 56 following the Court's resolution of the separate motion to exclude Litwin's testimony.

**THE COURT** will enter an appropriate order.

      s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated: November 25, 2014